**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-34292 |
| AMIT K. BANSAL | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

**AGREED MOTION FOR PAYMENT OF VALUATION
RELATED TO THE TRICON INTEREST**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now, Christopher R. Murray, Trustee of the estate of Amit Bansal, and files this *Agreed Motion for Payment of Valuation Related to the Tricon Interest* (the "Motion"), respectfully showing the Court as follows:

**SUMMARY OF RELIEF REQUESTED**

**RELEVANT FACTS**

1) On August 26, 2020, Amit K. Bansal (the "Debtor") filed a voluntary Chapter 7 petition.

2) In his schedules, the Debtor disclosed a 0.5% Class B limited partnership interest in Tricon International, Ltd with an unknown value (the "Tricon Interest").

3) The Debtor did not claim an exemption in the Tricon Interest.

4) Christopher R. Murray (the "Trustee") was subsequently appointed to serve as the chapter 7 Trustee to administer the assets of the bankruptcy estate.

**OFFERS TO PURCHASE THE TRICON INTEREST**

5) On November 10, 2020, the Debtor's employer, Tricon International, Ltd ("Tricon") offered to purchase the Tricon Interest for $610,274.00 ("Tricon Offer").

6) On December 21, 2020, Vinmar International, Ltd offered to purchase the Tricon Interest for $1,200,000.00, with multiple conditions ("Vinmar Offer").

7) Collectively, the Tricon Offer and the Vinmar Offers are referred to as the ("Offers").

**VALUE OF THE TRICON INTEREST**

8) Before the Trustee can respond to the Offers, the Trustee must obtain an objective opinion of the value of the Tricon Interest which requires the employment of an independent expert (the

1

"<u>Valuation</u>").

9) The estate has no funds to employ an expert to provide the Trustee with a Valuation.

**<u>Relief Requested</u>**

10) Tricon has agreed to the Trustee's request to employ an expert to review Tricon's financials.

11) Tricon has also agreed to pay for the independent valuation of the Tricon interest as long as the cost of the Valuation is either 1) credited against Tricon's purchase price if it is the successful purchaser of the Tricon Interest; or 2) Tricon is provided an administrative claim for the actual cost of the Valuation if Tricon is not the successful purchaser.

12) The Trustee has no opposition to the request of Tricon and requests the Court to approve the payment/allowance of an administrative claim.

13) The relief requested is necessary and in the best interest of the estate as the Valuation is necessary for the Trustee to properly evaluate the Offers, and the estate does not have the funds to pay for a Valuation.

14) Therefore, the Trustee respectfully requests that the Court enter the attached Agreed Order.

    **See Exhibit A**

Dated: <u>January 19, 2021</u>

                                              Respectfully submitted,

                                              By: <u>/s/ Miriam Goott</u>
                                                    Miriam Goott
                                                    Attorney-in-charge
                                                    SBN 24048846
                                                    COUNSEL FOR THE
                                                    TRUSTEE

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
mgoott@walkerandpatterson.com

## CERTIFICATE OF SERVICE

I, Miriam Goott, certify that a true and correct copy of the foregoing document was served on January 19, 2021, on the parties listed in the attached Exhibit B via regular first-class mail, postage prepaid, or electronic transmission.

*/s/ Miriam Goott*
Miriam Goott