IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-34292 |
| AMIT K. BANSAL | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

## TRUSTEE'S APPLICATION FOR AUTHORIZATION TO RETAIN AND EMPLOY VALUATION EXPERT PURSUANT TO 11 U.S.C. §§ 327, 328, AND 330

Comes now, Christopher R. Murray, Trustee of the estate of Amit Bansal (**"Trustee"**), and files this Application for Authorization to Retain and Employ Valuation Expert Pursuant to 11 U.S.C. §§ 327, 328, and 330 (the "**Application**"), and respectfully shows as follows:

**RELEVANT FACTS**

1) On August 26, 2020, Amit K. Bansal (the "**Debtor**") filed a voluntary Chapter 7 petition.

2) In his schedules, the Debtor disclosed a 0.5% Class B limited partnership interest in Tricon International, Ltd ("**Tricon"**) with an unknown value (the "**Tricon Interest**").

3) The Debtor did not claim an exemption in the Tricon Interest.

4) Christopher R. Murray (the "**Trustee**") was subsequently appointed to serve as the chapter 7 Trustee to administer the assets of the bankruptcy estate.

**VINMAR & TRICON HISTORY**

5) In 2009, the Debtor's former employer, Vinmar International, Ltd ("Vinmar") obtained a judgment against the Debtor for over $20 million.

6) The Debtor is now employed by Tricon, who is in direct competition with Vinmar. Vinmar and Tricon apparently have a long history of mistrust and litigation.

7) Not only is Vinmar the Debtor's former employer, but Vinmar is also the largest creditor in this estate.

### VINMAR & TRICON MADE OFFERS TO PURCHASE THE TRICON INTEREST

8) On November 10, 2020, Tricon offered to purchase the Tricon Interest for $610,274.00. On December 21, 2020, Vinmar offered to purchase the Tricon Interest for $1,200,000.00, with multiple conditions.

9) The two offers from Tricon and Vinmar are referred to as the ("**Offers**").

### TRICON AGREED TO PAY FOR EXPERT VALUATION

10) The Trustee previously determined that he required assistance from an independent third-party professional to assist him with determining the value of the Tricon Interest.

11) Tricon offered to pay for an expert valuation of the Tricon Interest and on January 25, 2021, the Trustee obtained an Order from this Court allowing Tricon to pay for an independent expert valuation of the Tricon Interest ("**Payment Order**").  *See Exhibit A*

### GRANT THORNTON – JOHN BAUMGARTNER SELECTED

12) The Trustee seeks the authority to retain and employ Grant Thornton LLP ("**GT**") to provide the Trustee with a valuation of the Tricon Interest. The Trustee believes it is in the estate's best interest to employ an independent third-party who has expertise in valuing business interests such as the Tricon Interest. Furthermore, GT has vast experience in this area.

13) Prior to filing the Motion, the Trustee consulted with counsel for both Tricon and Vinmar and they both agreed that Mr. Baumgartner, at GT was an acceptable expert to retain in this case.

14) John Baumgartner at GT will perform the majority of the services for the Trustee on behalf of GT.

### RELIEF REQUESTED

15) The Trustee requests authority, pursuant to 11 U.S.C. §§ 327, 328, and 330, to employ GT to value the Tricon Interest.

16) Pursuant to the Payment Order, it was ordered that Tricon may pay for an independent expert valuation of the Tricon Interest ("**Valuation**") and that the actual cost of the Valuation shall either 1) be a credit against the purchase price for Tricon if Tricon is the successful purchaser of the Tricon Interest; or 2) if Tricon is not the successful purchaser of the Tricon Interest, then Tricon shall be allowed an administrative expense for the actual cost of the Valuation.

17) GT's fees for their services are based on hourly rates ranging from $100.00/hour for administrative rates to $640.00/hour for Managing Directors like Baumgartner. GT anticipates that the fees in this case will range from $20,000.00 to $30,000.00 to prepare a valuation report for the Trustee. *See Exhibit B* (Engagement Letter) *and Exhibit C* (Statement of Work).

18) GT understands that payment of any fees requires authorization and approval from the Bankruptcy Court.

19) GT also understands that payment of any fees will be made by Tricon, and not by the estate.

**DISINTERESTEDNESS**

20) To the best of GT's knowledge, except as otherwise disclosed in this Application and Declaration of John Baumgartner ("Declaration"), attached as *Exhibit D* to this Application, GT and its respective employees have no connection with creditors, parties-in-interest, their respective attorneys and accountants, or the United States Trustee, or any persons employed by the United States Trustee.

21) Accordingly, the Trustee submits that (i) GT is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and (ii) GT neither represents nor holds an interest adverse to the interests of the estates with respect to the matter in which GT is to be employed.

22) As set forth in the Declaration, there is no agreement or understanding between GT and any other entity, other than directors and employees of GT, for sharing of compensation received

or to be received for services rendered in these Bankruptcy Cases.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order (a) authorizing him to employ GT as a professional as set forth herein effective June 1, 2021; (b) granting such other and further relief as may be just and proper

Dated: August 24, 2021

> Respectfully submitted,
>
> By:  */s/ Miriam Goott*
> Miriam Goott
> attorney-in-charge
> SBN 24048846
> COUNSEL FOR THE TRUSTEE

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 957-3358 (fax)
mgoott@walkerandpatterson.com

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a copy of the Motion was served on all creditors via electronic transmission or US Mail on August 24, 2021.

> By:  */s/ Miriam Goott*
> Miriam Goott