IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-34292 |
| AMIT K. BANSAL | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

**TRUSTEE'S REPLY TO VINMAR'S OBJECTION TO THE TRUSTEE'S APPLICATION FOR AUTHORIZATION TO RETAIN AND EMPLOY VALUATION EXPERT PURSUANT TO 11 U.S.C. §§ 327, 328, AND 330**

Comes now, Christopher R. Murray, Trustee of the estate of Amit Bansal (**"Trustee"**), and files this *Reply to Vinmar's Objection to the Trustee's Application for Authorization to Retain and Employ Valuation Expert* Pursuant to 11 U.S.C. §§ 327, 328, and 330 (**"Application"**), and respectfully shows as follows:

**RELEVANT FACTS**

1) On August 26, 2020, Amit K. Bansal (the "**Debtor**") filed a voluntary Chapter 7 petition, and disclosed a non-exempt 0.5% Class B limited partnership interest in Tricon International, Ltd ("**Tricon**") with an unknown value (the "**Tricon Interest**").

2) Christopher R. Murray (the "**Trustee**") received two offers to purchase the Tricon Interest. The first offer came from Tricon (the Debtor's current employer) and the second offer came from Vinmar (the Debtor's prior employer, largest creditor, and competitor). (The two offers are collectively referred to as the "**The Offers**".)

**ORDER APPROVING PAYMENT OF EXPERT**

3) Due to the apparent animosity that Vinmar has for the Debtor, and based on Vinmar's counsel's behavior throughout this bankruptcy case, the Trustee assumed that there would be numerous

contested issues with Vinmar regarding anything related to the sale of the Tricon Interest.[1]

4) Due to the contentious nature of the issues related to the Tricon Interest, the Trustee determined that he required an objective opinion from a third-party expert regarding the value of the Tricon Interest. Because the estate had insufficient funds to retain an expert, the Trustee struck a deal with Tricon, who agreed to pay for the independent valuation of the Tricon Interest.

5) On January 19, 2021, in an effort to avoid needless disputes, Trustee's counsel notified Vinmar that Tricon agreed to pay for a valuation expert for the estate. *See Exhibit A*

6) On January 19, 2021, the Trustee (out of an abundance of caution and in an effort to avoid Vinmar's objection) filed a motion with the Court and obtained permission for Tricon to pay a valuation expert, when and if they were employed by the Trustee ("**Payment Motion**").

7) Vinmar received notice of the Payment Motion and immediately notified the Court's case manager that Vinmar intended on objecting to the Payment Motion. *See Exhibit B*

8) No objection was ever filed by Vinmar.

**SELECTION OF EXPERT**

9) Subject to bankruptcy court approval, the Trustee decided to retain John Baumgartner at Grant Thornton to value to the Tricon Interest.

10) Although not required, but in an effort to avoid additional and unnecessary expense, Trustee's counsel conferred and received an agreement from Vinmar that John Baumgartner would be an acceptable expert to be retained by the estate to value the Tricon Interest. *See Exhibit C and Exhibit D*

11) Although the estate will not be paying Mr. Baumgartner, the Trustee (out of an abundance of caution) filed an Application to Employ John Baumgartner as the valuation expert

---

[1] To date, Vinmar 1) filed an Adversary Proceeding objecting to the Debtor's discharge; 2) Objected to the Trustee's Motion to Approve a Compromise with the Debtor's wife; and 3) Improperly issued subpoenas which were later withdrawn.

("**Application**").

**VINMAR'S OBJECTION**

12) On September 13, 2021, Vinmar objected to the Application ("**Objection**"), and asserted that the Application should be denied because the Trustee failed to attach a referenced exhibit (Exhibit C - Statement of Work) to the Application.

13) Within hours of the Objection being filed, Trustee's counsel sent the inadvertently omitted attachment to Vinmar's counsel.  *See Exhibit E.*

14) Although Vinmar has received the exhibit, Vinmar stands on its objection and now asserts that there are additional grounds that exist to deny the Application.

**11 U.S.C. § 327**

15) Vinmar's remaining objections all relate to the valuation and sale process which is premature and not relevant at this time.

16) Once the Trustee files a motion to sell the Tricon Interest, then Vinmar can object to the valuation and sale process.  These issues are not before the Court at this time.

17) Pursuant to Section 327, the Court does not address the sale process, instead the Court considers whether the proposed professional has an adverse interest to the estate and whether the professional is disinterested.

18) Furthermore, Vinmar previously agreed with the Trustee's selection of Mr. Baumgartner.

19) Vinmar continues to needlessly increase the cost of the administration of this estate, at the expense of all of the remaining creditors.

20) Therefore, the Trustee respectfully requests that the Court approves the Trustee's Application.

Dated: September 15, 2021

                                          Respectfully submitted,

                                          By: */s/ Miriam Goott*
                                                Miriam Goott
                                                attorney-in-charge
                                                SBN 24048846
                                                COUNSEL FOR THE TRUSTEE

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 957-3358 (fax)
mgoott@walkerandpatterson.com