IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE: AMIT KUMAL BANSAL,** *Debtor*, | : : : : : : | CASE NO. 4:20-bk-34292 CHAPTER 7 |

TRICON INTERNATIONAL, LTD.'S REPLY IN SUPPORT OF THE
TRUSTEE'S APPLICATION FOR AUTHORIZATION TO RETAIN AND
EMPLOYE A VALUATION EXPERT PURUSANT TO 11 U.S.C. §§ 327, 328, AND 330

Tricon International, Ltd. ("Tricon") respectfully files its reply in support of the Trustee's Application for Authorization to Retain and Employ a Valuation Expert Pursuant to 11 U.S.C. §§ 327, 328, and 330 (the "Application") and would show the Court as follows:

1. Vinmar International, Ltd. ("Vinmar") has filed a limited objection to the Application. *See* Docket No. 70, Response and Limited Objection of Vinmar International, Ltd. to Trustee's Application for Authorization to Retain and Employ Valuation Expert Pursuant to 11 U.S.C. §§ 327, 328, and 330 (the "Limited Objection"). The stated basis for Vinmar's Limited Objection is that Exhibit C—a copy of the Statement of Work—was not attached. *Id*. at ¶ 1. Vinmar now has a copy of Exhibit C. *See* Docket No. 72, Trustee's Reply to Vinmar's Objection to the Trustee's Application for Authorization to Retain and Employ Valuation Expert Pursuant to 11 U.S.C. §§ 327, 328, and 330 (the "Trustee's Reply"), at ¶¶ 12-13. Accordingly, Vinmar's objection is now moot.

2. The remainder of the discussion in Vinmar's Limited Objection is irrelevant to the Application for the reasons stated in the Trustee's Reply. *See id.* at ¶¶ 15-19.

3. In addition, the cases cited in Section F of Vinmar's Limited Objection are off point and Vinmar's arguments are inapplicable. Vinmar's cited cases address issues such as the

applicability of a valuation provision in a redemption agreement entered into by a Debtor after he was unable to satisfy a loan obligation where the Trustee was seeking to avoid the Debtor's transfer of his LLC membership units under that agreement as a preference (*In re DeVries*); rebutting a presumption of balance sheet insolvency (*ASARCO LLC*); a Trustee's ability to adopt an executory contract and assume an unexpired lease (*In re E-Z Serve Convenience Stores, Inc.*); and whether a right of first refusal provision in an LLC's Operating Agreement was enforceable by the Bankruptcy Court[1] (*In re IT Group, Inc.*). None of these issues are raised in this case. There is no executory contract, redemption agreement, or right of first refusal. And none of these cases addresses a limited partnership or a partnership agreement with a buyback obligation like the one here.

4.      A trustee steps into the shoes of the Debtor and has no greater rights than the Debtor had pre-petition. *In re Watson*, 325 B.R. 380, 387 (Bankr. S.D. Tex. 2005); *In re Trinity Gas Corp. (Reorganized)*, 242 B.R. 344, 350 (Bankr. N.D. Tex. 1999); *In re Gibralter Res., Inc.*, 197 B.R. 246, 253 (Bankr. N.D. Tex. 1996), *aff'd sub nom. In re Gibraltar Res., Inc.*, 202 B.R. 586 (N.D. Tex. 1996).

5.      Here, Debtor Amit K. Bansal ("Debtor") has a 0.5% Class B limited partnership interest in Tricon. He is not a general partner. The applicable partnership agreement not only restricts a limited partner's ability to transfer his or her partnership interest, it requires the partnership to purchase a Class B Limited Partner's interest upon the occurrence of an "Event of Transfer." A Limited Partner's filing of a voluntary bankruptcy petition is one Event of Transfer defined in the agreement. The agreement provides a formula that shall be applied to determine the

---

[1] The right of first refusal was held to be enforceable. *In re The IT Group*, 302 B.R. 483, 487-89 (D. Del. 2003).

Purchase Price upon the occurrence of an Event of Transfer. Debtor had no right to transfer his partnership interest outside of the terms of the partnership agreement, either voluntarily or after an Event of Transfer. The Trustee, who has stepped into his shoes, cannot do so now.

6. Tricon respectfully requests that the Court approve the Application.

Respectfully submitted,

**SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP**

By: _____
George R. Diaz-Arrastia
Texas State Bar No. 05805600
Southern District of Texas Federal Bar No. 12
Pennzoil Place – South Tower
711 Louisiana Street, Suite 1750
Houston, Texas 77002
Telephone: (713) 221-2500
Facsimile: (713) 221-2525
Email: gdarrastia@sdablaw.com

**ATTORNEY FOR TRICON INTERNATIONAL, LTD.**

## CERTIFICATE OF SERVICE

I certify that on September 17, 2021, a true and correct copy of Tricon International, Ltd.'s Reply in Support of the Trustee's Application for Authorization to Retain and Employ a Valuation Expert Pursuant to 11 U.S.C. §§ 327, 328, and 330 was filed and served on all known counsel of record via the Court's CM/ECF electronic filing system.

_____
George R. Diaz-Arrastia